**NAIDICH LAW**
Zachary Naidich (ZN-1449)
137 5th Ave., 9th Fl.
New York, NY 10010
646.661.5694
ZNaidich@naidichlaw.com


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------
WILLIAM ORGERA,

                                *Plaintiff,*

          *-against-*

ROYALTON ON THE GREENS, LLC, M
ROYALTON PARTNERS, LLC, ROYALTON
MANAGEMENT INC., MICHAEL EINHORN,
MIKHAIL TAKHALOV and GEORGE DOE,

                            *Defendant(s).*
--------------------------------------------------------------------

Docket No.: 25-cv-590

**<u>COMPLAINT</u>**

**<u>Jury Trial Demanded</u>**

Plaintiff WILLIAM ORGERA ("**Plaintiff**"), by and through their undersigned counsel, NAIDICH LAW, hereby alleges, as and for their Complaint against ROYALTON ON THE GREENS, LLC (the "**Royalton**"), M ROYALTON PARTNERS, LLC ("**Royalton Partners**"), ROYALTON MANAGEMENT INC. ("**Royalton Management**") (collectively, the "**Entity Defendants**"), MICHAEL EINHORN ("**Einhorn**"), MIKHAIL TAKHALOV ("**Takhalov**"), and GEORGE DOE ("**George**") (together with the Entity Defendants, the "**Defendants**"), as follows:

**<u>NATURE OF THE ACTION</u>**

1.     Plaintiff brings this action to recover unlawfully expropriated tips pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("**FLSA**") and the New York Labor Law § 190 *et seq.* ("**NYLL**").

2.      Plaintiff seeks compensatory damages for the value of illegally appropriated tips, liquidated damages, pre- and post-judgment interest, and attorneys' costs and fees.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 & 1337 and 29 U.S.C. § 216(b).

4.      This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and1367

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the Royalton is located within the Eastern District of New York.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

7.      Plaintiff WILLIAM ORGERA is a natural person who currently, and at all times relevant to this action, resides in Nassau County, New York.

8.      Defendant ROYALTON ON THE GREENS LLC is a limited liability company formed and existing under New York law, with its principal place of business at 1 Altessa Blvd., Melville, New York 11747.

9.      Defendant M ROYALTON PARTNERS, INC. is a domestic corporation organized and existing under New York law, with its principal place of business at 255 Evans Avenue, Oceanside, New York.

2

10.     Defendant ROYALTON MANAGEMENT INC. is a domestic corporation organized and existing under New York law, with its principal place of business at 33 Club Drive, Roslyn Heights, NY 11577.

11.     Defendant MICHAEL EINHORN is a natural person who currently, and at all times relevant to this action, resides in Nassau County, New York. Einhorn owns, operates, and/or manages the Entity Defendants.

12.     Einhorn and the Entity Defendants jointly and/or individually own, operate, and/or manage wedding venues and event spaces on Long Island, New York, including, but not limited to, The Grand Ballroom, The Library Lounge, The Restaurant, and The Mansion (operated collectively as the "**Royalton Properties**").

13.     Defendant MIKHAIL TAKALOV is a natural person who currently, and at all times relevant to this action, resides in Nassau County, New York. Takalov was employed as a manager at the Royalton Properties.

14.     Defendant GEORGE DOE is a natural person who currently, and at all times relevant to this action, resides in Nassau County, New York. George was employed as a manager at the Royalton Properties.

15.     The Defendants individually and/or jointly managed and maintained operational control over the Royalton Properties and had the authority to determine wages and compensation, establishing work schedules, maintaining employee records, and hiring and fire employees, including Plaintiff.

16.     At all times relevant to this action, Defendants individually and/or jointly employed Plaintiff, and all similarly situated employees, within the meaning of the FLSA and NYLL

## CLASS ACTION ALLEGATIONS

3

17.     Plaintiff brings this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, both individually and on behalf of a class consisting of all waitstaff employed by the Defendants at the Royalton Properties (the "**Class Members**") at any time from the date of this Complaint through entry of judgment in this case (the "**Class Period**").

18.     The number and identity of the Class Members are readily ascertainable from the Defendants' records. Notice can be provided by means permissible under Rule 23.

19.     The Class Members are so numerous that joiner of all parties is impracticable. Upon information and belief, there are in excess of 45 Class Members.

20.     Common questions of law and fact exist and predominate over questions affecting individual Class Members, including, but not limited to:

      a.  Whether the Defendants employed Plaintiff and the Class Members within the meaning of NYLL;

      b.  whether the Defendants employed Plaintiff and the Class Members within the meaning of FLSA;

      c.  whether the Defendants failed and/or refused to pay tips to Plaintiff and the Class Members ;

      d.  whether the Defendants misappropriated tips from Plaintiff and the Class Members;

      e.  whether the Defendants promulgated and/or implemented the illegal tip scheme;

      f.  whether the Defendants' illegal conduct was willful or with reckless disregard for the law; and

      g.  whether the Defendants are jointly and severally liable for damages including, but not limited to, compensatory damages, liquidated damages, interest, and attorneys' costs and fees.

21.     Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was employed by the Defendants and worked pursuant to the Defendants' official and/or unofficial tip policies, practices, and procedures.

4

22.    If the Defendants are liable to Plaintiff for the claims set forth in this Complaint, they are also liable to all Class Members.

23.    Plaintiff and their Counsel will fairly and adequately represent the Class Members. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages. Plaintiff's counsel is competent and experienced in wage and hour litigation and is well-prepared to represent the Class Member's interests.

24.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Class Members have been damaged and are entitled to recovery as a result of Defendants' uniform policies, practices, and procedures.

25.    The Defendants are sophisticated parties with significant resources. The Class Members lack adequate resources necessary to vigorously prosecute this action.

26.    Class action litigation will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

## STATEMENT OF FACTS

27.    The Defendants employed Plaintiff as a member of the Royalton Properties' waitstaff from 2018 to in or around 2023.

28.    Plaintiff's job included serving drinks to guests of the Grand Ballroom, the Library Lounge, the Restaurant, and the Manor.

### The Grand Ballroom

29.    The Grand Ballroom provides sit-down dining, drinks, music, and/or dancing for weddings and large events. Upon information and belief, the Grand Ballroom can accommodate up to 400 guests served by an approximately 15-person waitstaff.

30.     Plaintiff was employed as a bartender at these events from 2018 until on or about January 1, 2023.

31.     Upon information and belief, event hosts customarily left cash envelopes with the Defendants as gratuity to the Grand Ballroom waitstaff. Event guests could also leave gratuity.

32.     Upon information and belief, the Defendants failed to disburse gratuity to the Grand Ballroom waitstaff, instead regularly keeping some or all of the money for themselves.

The Library Lounge

33.     The Library Lounge provides drinks and passed Hors d'Oeurves before Grand Ballroom events and at smaller stand-alone functions. Upon information and belief, Library Lounge guests are served by an approximately 10-person waitstaff.

34.     On Thursday Nights, the Library Lounge hosted a happy hour for Roslyn Country Club members staffed by an approximately 3-person waitstaff.

35.     Plaintiff was employed as a Library Lounge bartender from 2018 until in or around October 2022 (for happy hour) and on or about January 1, 2023 (for events).

36.     Upon information and belief, event hosts customarily left cash envelopes with the Defendants as gratuity to the Grand Ballroom waitstaff. Event guests could also leave gratuity.

37.     During happy hours, the Defendants imposed a 20% automatic gratuity on all non-cash transactions. Customers could leave additional tips for the waitstaff.

38.     Upon information and belief, the Defendants failed to disburse gratuity to the Library Loung waitstaff, instead regularly keeping some or all of the money for themselves.

6

The Restaurant

39.    The Restaurant provides bar and table service to Roslyn Country Club members and can also be used as spill over space for the Library Lounge. Upon information and belief, the Restaurant consists of 20 tables and a standing bar, served by an approximately 3-person waitstaff.

40.    Plaintiff was periodically ordered to work as the Restaurant's bartender from 2018 until on or about January 1, 2023

41.    Upon information and belief, the Defendants imposed a 20% automatic gratuity on all non-cash transactions. Customers could leave additional tips for the waitstaff.

42.    Upon information and belief, the Defendants failed to disburse gratuity to the Library Loung waitstaff, instead regularly keeping some or all of the money for themselves

The Mansion

43.    The Mansion provides sit-down dining, drinks, music, and/or dancing for weddings and large events. Upon information and belief, the Mansion employed an approximately 15-person waitstaff.

44.    Plaintiff was periodically ordered to work with and as part of the Mansion's waitstaff from 2018 until on or about January 1, 2023.

45.    Upon information and belief, event hosts customarily left cash envelopes with the Defendants as gratuity to the Grand Ballroom waitstaff. Event guests could also leave gratuity.

46.    Upon information and belief, the Defendants failed to disburse this gratuity to the waitstaff, instead regularly keeping some or all of the money for themselves.

7

## CAUSES OF ACTION

### COUNT ONE
### UNLAWFUL DEDUCTIONS
### under New York Labor Law
(Against All Defendants)

47.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

48.    At all times relevant to this action, the Defendants individually and/or jointly employed Plaintiff and the Class Members within the meaning of NYLL.

49.    The Defendants, individually and/or jointly, willfully expropriated and/or retained money intended as gratuity for Plaintiff and the Class Members

50.    The Defendants, individually and/or jointly, willfully redistributed tips from Plaintiff and the Class Members to themselves.

51.    As a result of the Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to compensatory damages, in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

### COUNT TWO
### UNLAWFUL DEDUCTIONS
### under Fair Labor Standards Act
(Against All Defendants)

52.    Plaintiff reincorporates and realleges each and every allegation contained in the preceding paragraphs as if stated here in full.

53.    At all times relevant to this action, the Defendants individually and/or jointly employed Plaintiff and the Class Members within the meaning of FLSA.

54.    The Defendants, individually and/or jointly, willfully expropriated and/or retained money intended as gratuity for Plaintiff and the Class Members

8

55.     The Defendants, individually and/or jointly, willfully redistributed tips from Plaintiff and the Class Members to themselves.

56.     As a result of the Defendants' willful violations of FLSA, Plaintiff and the Class Members are entitled to compensatory damages, in an amount to be determined at trial, plus liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of themselves and the Class Members, respectfully requests that this Court:

a) authorize the issuance of notice to all the Defendants' tipped employees who were employed during the six years immediately preceding the filing of this Complaint;

b) certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

c) award Plaintiff and the Class Members compensatory damages, liquidated damages, pre- and post-judgment, and attorneys' fees and costs; and

Dated: New York, New York
       February 3, 2025

*Zachary Naidich*
_____
Zachary Naidich (ZN-1449)