UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM ORGERA,

                    Plaintiff,

        -against-

ROYALTON ON THE GREENS, LLC, M
ROYALTON PARTNERS, LLC, ROYALTON
MANAGEMENT INC., MICHAEL EINHORN,
MIKHAIL TAKHALOV and GEORGE DOE,

                    Defendants.

**Case No.:** 25-cv-590

**ANSWER**

Defendants, ROYALTON ON THE GREENS, LLC, M ROYALTON PARTNERS, LLC, ROYALTON MANAGEMENT INC., MICHAEL EINHORN, MIKHAIL TAKHALOV and GEORGE DOE, collectively, ("Defendants"), by their counsel, Abrams Fensterman, LLP, as and for their answer, together with their affirmative and other defenses, respond to the complaint ("Complaint") by Plaintiff, WILLIAM ORGERA ("Plaintiff"), as follows:

Defendants deny each and every allegation, statement, matter, and thing contained in the Complaint except hereinafter expressly admitted or alleged. To the extent that any specific allegation in the Complaint is not addressed, that allegation is denied. The repetition of some of the Complaint's subheadings is done solely for organizational purposes and is not an admission of their truth.

To the extent the Complaint states legal conclusions and summarizes Plaintiff's general theory of their case, no responsive pleading is required, and Defendants deny the same. Specifically, Defendants deny any actionable or wrongful conduct.

## NATURE OF THE ACTION

1. Paragraph 1 is a legal conclusion to which no response is required.

2. Paragraph 2 is a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

3. Paragraph 3 is a legal conclusion to which no response is required.

4. Paragraph 4 is a legal conclusion to which no response is required.

5. Paragraph 5 is a legal conclusion to which no response is required.

## JURY DEMAND

6. Paragraph 6 is a legal conclusion to which no response is required.

## THE PARTIES

7. Defendants lack knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 but deny any actionable or wrongful conduct.

9. Defendants admit the allegations in Paragraph 9 but deny any actionable or wrongful conduct.

10. Defendants admit the allegations in Paragraph 10 but deny any actionable or wrongful conduct.

11. Defendants admit the allegations in Paragraph 11 but deny any actionable or wrongful conduct.

12. Defendants admit the allegations in Paragraph 12 but deny any actionable or wrongful conduct.

13. Defendants admit the allegations in Paragraph 13 but deny any actionable or wrongful conduct.

14. Defendants admit the allegations in Paragraph 14 but deny any actionable or wrongful conduct.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

## CLASS ACTION ALLEGATIONS

17. Paragraph 17 is a legal conclusion to which no response is required.

18. Paragraph 18 is a legal conclusion to which no response is required.

19. Paragraph 19 is a legal conclusion to which no response is required.

20. Paragraph 20 is a legal conclusion to which no response is required.

21. Defendants deny the allegations in paragraph 21 of the Complaint. There is no record of anyone by this Plaintiff's name being employed by Defendants.

22. Paragraph 22 is a legal conclusion to which no response is required.

23. Paragraph 23 is a legal conclusion to which no response is required. However, an individual cannot adequately represent a class of which they are not a part. There is no record of anyone named WILLIAM ORGERA employed by Defendants.

24. Paragraph 24 is a legal conclusion to which no response is required.

25. Paragraph 25 is a legal conclusion to which no response is required.

26. Paragraph 26 is a legal conclusion to which no response is required.

## STATEMENT OF FACTS

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants admit the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

### The Library Lounge

33. Defendants admit the allegations in paragraph 33 of the Complaint.

34. Defendants admit the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint. There is no record of this Plaintiff ever being employed by Defendants.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

### The Restaurant

39. Defendants admit the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint. There is no record of this Plaintiff ever being employed by Defendants.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

### The Mansion

43. Defendants admit the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint. There is no record of this Plaintiff ever being employed by Defendants.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

## FIRST CAUSE OF ACTION
### Unlawful Deductions under New York Labor Law

47. Defendants repeat and reallege each of the preceding paragraphs as if fully set forth herein.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny that Plaintiff is entitled to the relief sought, or to any relief.

## SECOND CAUSE OF ACTION
### Unlawful Deductions under Fair Labor Standards Act

52. Defendants repeat and reallege each of the preceding paragraphs as if fully set forth herein.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny that Plaintiff is entitled to the relief sought, or to any relief.

## PRAYER FOR RELIEF

57. In answer to the allegations contained in the entirety of Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to the relief sought, or to any relief.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendants allege the following affirmative defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. Plaintiff's claims, and those of any of the persons whom Plaintiff alleges would comprise a putative or collective class, are barred, in whole or in part, to the extent that such claims are beyond the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. Defendants, at all times, acted in good faith to comply with the FLSA and New York Labor Law and with reasonable grounds to believe that its actions did not violate the FLSA or New York law, and Defendants assert a lack of willfulness or intent to violate the FLSA or New York law as a defense to any claim by Plaintiff for liquidated damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. Assuming, arguendo, that Defendants violated any provision of the FLSA or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Plaintiffs are estopped from asserting these claims, in whole or part, by reason of their own actions or inaction and course of conduct.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed to be due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. Plaintiff is not entitled to an award of prejudgment interest if they prevail on any of the stated claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiff's Complaint is deficient and must be dismissed to the extent that Plaintiff has failed to fulfill jurisdictional or statutory prerequisites to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

66. Some or all of the purported claims in the Complaint are barred to the extent that the time for which compensation is sought is de minimis, and therefore is not compensable.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred to the extent that they cannot articulate that they are owed any overtime and/or minimum wages and are only going to guess as to how much in damages they allege to be owed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

68. Plaintiff's Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged, and/or abandoned. Assuming arguendo that Plaintiff was not provided notice pursuant to New York Labor Law § 195, Plaintiff's claims are barred because, upon information and belief, Defendants made complete and timely payment of all wages due to all employees under the New York Labor Law. Furthermore, Plaintiff's Complaint is also barred, to the extent that Plaintiff did not receive required notices pursuant to that law, because Defendants reasonably believed in good faith that it was not required to provide Plaintiff with notice pursuant to the law. Amongst the reasons therefore being that there is no record of this Plaintiff ever having worked for any of these Defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

69. Plaintiffs' claims are barred, in whole or in part, for lack of standing as a proper class representative. Plaintiff lacks the capacity to sue in a representative capacity and otherwise does not meet state procedural requirements for maintaining a class action. The basis for this is, in part due to the fact that there is no record of a person bearing the name of this Plaintiff ever having worked for Defendants.

## AS AND FOR A THIRTEETH AFFIRMATIVE DEFENSE

70. Because Plaintiff's Complaint is couched in conclusory and vague terms, Defendants cannot fully anticipate all defenses that may be applicable to this case. Accordingly, Defendants reserve the right to assert additional defenses.

**WHEREFORE**, Defendants pray that the Court deny Plaintiff's demand for relief, dismiss Plaintiff's Complaint, enter judgment in favor of Defendants, and provide Defendants such other and further relief as is appropriate under the circumstances.

Dated: Lake Success, New York
        April 10, 2025

**ABRAMS FENSTERMAN, LLP**

By: _____
Rachel Demarest Gold, Esq.
3 Dakota Drive Suite 300
Lake Success, New York 11042
(516) 328-2800
rgold@abramslaw.com
*Attorneys for Defendants*